```
                                              U.S. DISTRICT COURT
                                              DISTRICT OF VERMONT
                                                    FILED
         UNITED STATES DISTRICT COURT
                                              2011 JUN -7 PM 1:37
                   FOR THE
                                                    CLERK
             DISTRICT OF VERMONT              BY_____
                                                 DEPUTY CLERK
```

REVISION MILITARY, INC., f/k/a            )
REVISION EYEWEAR, INC., and               )
REVISION MILITARY, LTD., f/k/a            )
REVISION EYEWEAR, LTD.,                   )
    Plaintiffs                            )
                                          )
    v.                                    )   Docket No. 5:11-CV-149
                                          )
BALBOA MANUFACTURING COMPANY,             )
d/b/a BOBSTER EYEWEAR,                    )
    Defendants                            )

## COMPLAINT

Plaintiffs Revision Military Inc. and Revision Military Ltd. allege as follows:

### Introduction

    1.    This is an action for infringement of United States Patents D537,098 (the '098 patent") titled "Protective Goggles" and D620,039 (the "039 patent") titled "Goggles." This Complaint comprises causes of action for patent infringement, wherein Defendant has infringed, and continues to infringe. Plaintiffs seek preliminary and permanent injunctive relief; all gains, profits and advantages realized by Defendant from its infringement; all damages sustained by Plaintiffs as a result of the infringement; the trebling of all damages awarded to Plaintiffs as a result of the Defendant's willful infringement; and all costs and fees, including reasonable attorneys' fees, incurred by Plaintiffs in this action.

## Parties

2. Plaintiff Revision Military Inc. is a Canadian corporation with its principal place of business located in Montreal, Quebec, Canada. Revision Military Inc. designs, develops, and sells military and law enforcement eye protection solutions worldwide. Revision Military Inc. has been active in the market for ballistic protective eyewear since 2003, and, up until November 2010, was named Revision Eyewear Inc.

3. Revision Military Inc. invests significant time and money in the research and development of its products and regularly obtains patents on its innovative designs.

4. Revision Military Inc. (f/k/a Revision Eyewear Inc.) is the owner by assignment of all right, title, and interest in and to the '098 patent. The '098 patent issued on February 20, 2007. A copy of the patent is attached as Exhibit A.

5. Revision Military Inc. (f/k/a Revision Eyewear Inc.) is the owner by assignment of all right, title, and interest in and to the '039 patent. The '039 patent issued on July 20, 2010. A copy of the patent is attached as Exhibit B.

6. Plaintiff Revision Military Ltd. is a Delaware corporation with its principal place of business located in Essex Junction, Vermont. Revision Military Ltd. is the manufacturing and marketing arm of Revision Military Inc. and the exclusive licensee under its patents. Up until November 2010, Revision Military Ltd. was named Revision Eyewear Ltd.

7. In 2005, Plaintiffs introduced a military style, protective goggle under the name BULLET ANT. The BULLET ANT goggle was specially designed for military, tactical, and S.W.A.T. operations. At the time of its introduction, no other manufacturer of protective eyewear sold goggles having a stylized design resembling the BULLET ANT goggle.

8. In early 2010, the original BULLET ANT goggle design was replaced by a new stylized design which continued to be sold under the name BULLET ANT.

9. Since launch, Revision has continuously sold its BULLET ANT goggles both through its retail market and supply contracts with the military. The '098 patent is directed to and protects the design of the original BULLET ANT goggle. The '039 patent is directed to the design of the current BULLET ANT goggle.

10. Balboa Manufacturing Co., LLC ("Bobster"), a California limited liability company with its principal place of business located in Poway, California, began selling eyewear under the brand name Bobster Eyewear in 1996. On information and belief, Bobster entered the market for military / law enforcement ballistic protective eyewear in late 2010 with the commercial introduction of the Bobster Ballistics Tactical Eyewear line, including styles Alpha, Bravo, Echo, Delta, Prowler, and Resolve.

11. Plaintiffs bring this suit to stop Bobster from continuing to infringe Plaintiffs' patents.

## Jurisdiction and Venue

12. Bobster transacts business nationwide in that Bobster's products are sold and offered for sale through retail outlets throughout the United States and over the internet, including within the State of Vermont and including within this judicial division.

13. Venue properly resides in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

14. This action is for patent infringement under the United States Patent Laws 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction over counts I and II of this action under 28 U.S.C. § 1338.

## COUNT I
## Infringement of U.S. Patent D537,098

15. Plaintiffs re-allege paragraphs 1-11 of this Complaint as if fully set forth herein.

16. Bobster manufactures, sells, and offers for sale a style of ballistic protective goggles referred to as Bravo constituting direct infringement of the '098 patent.

17. A comparison of certain representative figures embodying the claim of the '098 patent with photographs of the accused infringing Bravo goggles follows:

 

 

 

GRAVEL AND SHEA
A PROFESSIONAL CORPORATION
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369



FIG 6



18. An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Bravo eyewear and the patented design covered by the '098 patent as to be induced to purchase the accused product as if the patented design.

19. On information and belief, based upon the substantial similarity between the original Bullet Ant goggle and Bobster's Bravo goggle, Bobster copied Plaintiffs' Bullet Ant style goggles and its infringement of the '098 patent is deliberate, willful, and will not stop unless enjoined by the Court.

20. As a result of this infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and damages for which Plaintiffs are entitled to relief, including at least a reasonable royalty for the infringement.

## COUNT II
### Infringement of U.S. Patent D620,039

21. Plaintiffs re-allege paragraphs 1-11 of this Complaint as if fully set forth herein.

22. Bobster manufactures, sells, and offers for sale a style of ballistic protective goggles referred to as Bravo constituting direct infringement of the '039 patent.

23. A comparison of certain representative figures embodying the claim of the '039 patent with photographs of the accused infringing Bravo goggles follows:



24. An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Bravo eyewear and the patented design covered by the '039 patent as to be induced to purchase the accused product as if the patented design.

25. On information and belief, based upon the substantial similarity between the current Bullet Ant goggle and Bobster's Bravo goggle, Bobster copied Plaintiffs' current Bullet Ant style goggles and its infringement of the '039 patent is deliberate, willful, and will not stop unless enjoined by the Court.

26. As a result of this infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and damages for which Plaintiffs are entitled to relief, including at least a reasonable royalty for the infringement.

## Prayer for Relief

Plaintiffs pray for the following relief:

A. For entry of judgment that Bobster has infringed U.S. Patents D537,098 and D620,039;

B. That Bobster and its agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through, or under authority from Bobster be preliminarily and permanently enjoined from infringing U.S. Patents D537,098 and D620,039;

C. For an award of damages to compensate Plaintiffs for Bobster's infringement of U.S. Patents D537,098 and D620,039 pursuant to 35 U.S.C. § 284, but no less than a reasonable royalty;

D. For an award of enhanced damages pursuant to 35 U.S.C. § 284;

E. For an award of pre-judgment and post-judgment interest and costs to Plaintiffs in accordance with 35 U.S.C. § 284;

F. For an award of Plaintiffs' reasonable attorney fees pursuant to 35 U.S.C. § 285; and

    G.    For an award of such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

### JURY DEMAND

**Plaintiffs demand trial by jury of all issues properly so triable.**

Dated:    Burlington, Vermont
June 7, 2011

_____
Andrew D. Manitsky, Esq.
Gravel and Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
amanitsky@gravelshea.com

and

Thomas I. Ross, Esq.
Gregory J. Chinlund, Esq.
Julianne M. Hartzell, Esq.
Tiffany D. Gehrke, Esq.
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
(312) 474-6300
tross@marshallip.com
gchinlund@marshallip.com
jhartzell@marshallip.com
tgehrke@marshallip.com

For Plaintiffs